IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BARRY EMMETT #1383329 | § | |
| VS. | § | CIVIL ACTION NO. 6:24cv026 |
| UNKNOWN | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Barry Emmett, an inmate of the Michael Unit of the Texas Department of Criminal Justice (TDCJ) proceeding *pro se*, filed this lawsuit concerning alleged violations of his civil rights in prison without paying the $405 filing fee or filing an application for leave to proceed *in forma pauperis* (IFP). The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Title 28 U.S.C. § 1915(g), added by Act of Congress on April 26, 1996, as part of the Prison Litigation Reform Act, provides the following:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has already accumulated more than three strikes for the purposes of this statute. Another district court in this circuit summarized his sportive litigation history earlier this year as follows:

> Court records reflect that Emmett is a recreational litigant who has filed more than 60 prisoner civil-rights actions and at least 20 appeals in the federal courts. He has accumulated more than a dozen strikes for filing actions or appeals that were found

    to be frivolous: (1) *Emmett v. Ebner*, Civil No. 4:10-cv-3611 (S.D. Tex. Oct. 7, 2010); (2) *Emmett v. Hawthorn*, Civil No. 4:10-cv-4034 (S.D. Tex. Oct. 29, 2010); (3) *Emmett v. Office of the Clerk of Court*, Civil No. 7:10-cv-156 (N.D. Tex. Nov. 1, 2010); (4) *Emmett v. Thaler*, Civil No. 4:10-cv-2748 (S.D. Tex. Nov. 30, 2010); (5) *Emmett v. Ebner*, Appeal No. 10-20772 (5th Cir. April 29 2011); (6) *Emmett v. Boyle*, Civil No. 7:10-cv-0193 (N.D. Tex. May 31, 2011); (7) *Emmett v. Boyle*, Civil No. 7:10-cv-0194 (N.D. Tex. May 31, 2011); (8) *In re: Emmett*, Civil No. 7:11-cv-0021 (N.D. Tex. June 2, 2011); (9) *Emmett v. McGuire*, Appeal No. 10-10437 (5th Cir. June 10, 2011); (10) *Emmett v. Allred Unit*, Appeal No. 10-10715 (5th Cir. June 10, 2011); (11) Emmett v. Hawthorn, No. 11-20263 (5th Cir. Feb. 7, 2012); (12) *Emmett v. TDCJ*, Civil No. 4:11-cv-2702 (S.D. Tex. May 16, 2012); (13) *Emmett v. Tatsch*, Civil No. 4:12-cv-1775 (S.D. Tex. Nov. 26, 2012); (14) *Emmett v. Swartz*, Civil No. 7:11-cv-49 (N.D. Tex. Sept. 30, 2014).

Order of Dismissal, *Emmett v. Julye*, No. 3:21-cv-372 (S.D. Tex. Jan. 24, 2022). Accordingly, that court denied Plaintiff leave to proceed *in forma pauperis* and dismissed his lawsuit as barred by Section 1915(g) upon finding that his allegations did not establish imminent danger of serious physical injury. *Id.*

    To meet the imminent danger requirement of Section 1915(g), the threat of serious physical injury must be "real and proximate." *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice; instead, the harm must be imminent or occurring at the time that the complaint or notice of appeal is filed—and the exception refers to "a genuine emergency" in which "time is pressing." *See Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (5th Cir. 2001) ("Someone whose danger has passed cannot be reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'"); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) ("Congress' use of the present tense in § 1915(g) confirms that a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis*…."). Moreover, to establish an imminent danger for the purpose of Section 1915(g), a plaintiff's factual allegations must "not [be] fanciful, fantastic, or delusional."

2

*Jones v. Hutto*, No. 3:19-CV-1359-N-BN, 2019 WL 3307068, at *2 (N.D. Tex. June 11, 2019), *report and recommendation adopted*, No. 3:19-CV-1359-N, 2019 WL 3304791 (N.D. Tex. July 23, 2019).

Despite Plaintiff's insistence, nothing in his pleading satisfies this requirement. His rambling, often incoherent complaint asserts problems with his diet—not receiving Kosher or gluten-free meals and being offered peanut butter despite a peanut allergy—and a need for eye glasses. But he does not allege any facts from which the Court could find that imminent serious physical injury that will result from any of the alleged circumstances. He alleges that he is underweight, but acknowledges that he now wears a size medium in clothing. This does not establish that he is starving or otherwise at imminent risk of serious harm. The Court should therefore bar Plaintiff from proceeding in this case without prepayment of the full $405 filing fee.

## RECOMMENDATION

The Court should accordingly deny Plaintiff leave to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(g) and summarily dismiss this action with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims, but without prejudice to the refiling of this lawsuit upon payment of the full $405.00 filing fee. Should Plaintiff pay the full fee within 15 days after the date of entry of dismissal of the present case, he should be allowed to proceed in this lawsuit as though the full fee had been paid from the outset.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's

proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

Finally, it is **ORDERED** that the Clerk shall refuse any further submissions from Plaintiff in this case, other than an objection to this Report or motion for extension of time to object, unless and until he has paid the full $405 filing fee.

So ORDERED and SIGNED this 26th day of January, 2024.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE